UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALTHEA OWENS, individually and as
the parent and natural guardian of
E.S.P., a minor,

    Plaintiff,

v.

                                                  Case No. 3:23-cv-1174-TJC-SJH

SUWANNEE COUNTY SCHOOL
BOARD,

    Defendant.

## O R D E R

Plaintiff was previously the girls' basketball coach at Suwannee Middle School, where her son, E.S.P., was also a student. Plaintiff and E.S.P. are both African American. When E.S.P. was in eighth grade, he tried out for the baseball team but was not selected, and Plaintiff alleges this was due to his race. Plaintiff raised concerns about E.S.P. not being selected, including filing a dual-filed charge with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations. Plaintiff was terminated two weeks after she filed the charge.

The amended complaint has four claims on behalf of Plaintiff (alleging retaliation) and three claims on behalf of E.S.P. (alleging race discrimination).

Defendant has filed a partial motion to dismiss, Doc. 25, addressing five of the remaining six claims.[1] The motion to dismiss is granted in part and denied in part.

Count II alleges retaliation against Plaintiff under 42 U.S.C. §2000e et seq. ("Title VII"). Defendant argues Plaintiff is attempting to raise both opposition and participation claims, and that the opposition claims are not properly plead. It is not necessary for the Court to decide whether an opposition claim has been properly plead, because Plaintiff has sufficiently plead her retaliation claim, including that she engaged in protected activity. Although Defendant challenges whether the Board had knowledge of Plaintiff's complaint, the temporal proximity (two weeks) between Plaintiff's EEOC charge and her termination is sufficient to survive a motion to dismiss. See Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

Count III alleges retaliation against Plaintiff under 42 U.S.C. §2000d et seq. ("Title VI"). Title VI claims involving employment are limited to circumstances when federal funds are provided for the purpose of providing employment. Plaintiff's allegation that Defendant receives federal funds and that such funds are fungible is insufficient. See Jones v. Metro. Atlanta Rapid Transit Auth., 681 F.2d 1376, 1378 (11th Cir. 1982); Russell v. Public Health Tr. of Miami-Dade Cnty., No. 8-23442-CIV, 2009 WL 936662, at *6 (S.D. Fla. April 6, 2009) (collecting cases that

---

[1] Count I has been dismissed, Doc. 29, and there is no argument to dismiss Count VI.

2

Title VI claims require employer receive federal funds for purpose of employment). Deficiencies with this claim were previously identified, but not adequately corrected in the amended complaint. <u>Compare</u> Doc. 12 at 15-16, <u>with</u> Doc. 19 at 8-9.

Count IV alleges retaliation against Plaintiff under 42 U.S.C. §1981, through 42 U.S.C. §1983. Section 1981 claims against a state actor are properly treated as §1983 claims and must show that the violation of the right to make contracts is "caused by a custom or policy within the meaning of <u>Monell</u> and subsequent cases." <u>See</u> <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 735-36 (1989); <u>Butts v. Cnty. of Volusia</u>, 222 F.3d 891, 894 (11th Cir. 2000); <u>Mizzell-Bullock v. Seminole Cnty. Pub. Schs.</u>, No. 23-11599, 2024 WL 65199 at * (11th Cir. Jan. 5, 2024). What Plaintiff describes as a policy sufficient to meet <u>Monell</u> requirements is not related to her termination. Plaintiff alleges:

> [t]he longstanding practice of denying African American children the opportunity to participate in sports teams, often in favor of white and non-black students, has been prevalent and predates E.S.P. for at least the prior two years to E.S.P. trying out for the team.

Doc. 19 ¶16. This allegation describes a practice of discrimination against African American children, such as E.S.P., and does not identify a policy, custom or practice, related to Plaintiff's termination. In addition, Plaintiff alleges she was terminated by the Principal Williams but does not allege facts as to how the termination was ratified by the School Board, other than a conclusory statement

that such ratification occurred. Doc. 19 ¶¶58, 62. Deficiencies with this claim were previously identified, but not adequately corrected in the amended complaint. Compare Doc. 12 at 7-9, with Doc. 19 at 10.

Count V alleges race discrimination aginst E.S.P. under the Florida Education Equity Act ("FEEA"), Fla. Stat. §1000.05, and seeks both compensatory and punitive damages under Fla. Stat. §760.07. The Parties agree that FEEA only provides equitable relief. The Parties disagree whether other relief is permitted under Fla. Stat. §760.07, which provides:

> Any violation of any Florida statute that makes unlawful discrimination because of race, color, religion, gender, pregnancy, national origin, age, handicap, or marital status in the areas of education, employment, or public accommodations gives rise to a cause of action for all relief and damages described in s. 760.11(5), unless greater damages are expressly provided for.

In turn, §760.11(5) provides "the state and its agencies and subdivisions shall not be liable for punitive damages." Thus, punitive damages are not permitted against the School Board. The Court is not persuaded that compensatory damages are also prohibited but declines to expressly rule on the issue at this time.

Count VII alleges race discrimination against E.S.P. under 42 U.S.C. §1981, through §1983. "[I]n order to state a claim under § 1981, [Plaintiff] must allege (1) intentional racial discrimination (2) that caused a contractual injury." Ziyadat v. Diamondrock Hosp. Co., 3 F.4th 1291, 1296 (11th Cir. 2021). Plaintiff's claim fails because there is no alleged interference with a contract. Cf. Jackman ex rel. K.J. v.

Kindergarten Prep, Inc., No. 8:23-cv-1598-TPB-AEP, 2023 WL 6809647, at *2 (M.D. Fla. Oct. 16, 2023) (denying motion to dismiss because plaintiff alleged interference with a right to contract with defendant to provide educational services). Even if E.S.P. was not selected for the baseball team due to his race, Plaintiff has not alleged a contractual right was involved and has not cited any authority that would support finding a contractual right was involved in these circumstances.[2] Deficiencies with this claim were previously identified, but not adequately corrected in the amended complaint. Compare Doc. 12 at 22-23, with Doc. 19 at 14-15.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. 25) is **GRANTED without prejudice** as to Counts III, IV, and VII.

2. Defendant's Motion to Dismiss Amended Complaint (Doc. 25) is **DENIED** as to Counts II and V.

3. Plaintiff's request for punitive damages is **STRICKEN.** Any amended complaint shall not include a request for punitive damages.

4. The Court will give Plaintiff an opportunity to file an amended complaint, but Plaintiff should only replead the Counts on which there

---

[2] Nor is the Court aware of any case authority that supports allowing a §1981 claim in similar circumstances.

5

is a good faith basis to proceed. The amended complaint shall be filed no later than **September 30, 2024.** Rather than move to dismiss again, Defendant should include any arguments against the amended complaint in its Motion for Summary Judgment. Thus, Defendant shall answer no later than **October 21, 2024.**

5. The Parties remain governed by the Case Management and Scheduling Order (Doc. 24).

**DONE AND ORDERED** in Jacksonville, Florida this 9th day of September, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record